IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,      )
                               )
           Plaintiff,          )
                               )
v.                             )    No.  08-10002-08-WEB
                               )
ERIC SUTHY,                    )
                               )
           Defendant.          )
                               )

**Memorandum and Order**

This matter came before the court on November 10, 2008 for a hearing on the defendant's objection to the Presentence Report and for sentencing. The court ruled orally on the objection at the sentencing hearing. This written memorandum will supplement the court's oral ruling.

I. *Objection*.

The defendant objects to the 2-level enhancement in ¶ 106 of the PSR for possession of a firearm in connection with a drug offense. USSG § 2D1.1(b)(1). The firearm on which the enhancement is based was found in the defendant's bedroom at the time of his arrest in January of 2008, along with $789 in cash. Noting that the drug offenses in Counts 23 and 25 occurred in June of 2007, defendant argues the firearm has no connection to those offenses, and should not give rise to an enhancement.

The Government presented evidence at the hearing to support application of the enhancement. A police detective assigned to the DEA task force testified about various statements by cooperating individuals and co-defendants in the case. Several of those statements

indicated the defendant continued to engage in Ecstacy sales long after June of 2007 and even after his arrest in the instant case in January of 2008. More than one co-defendant or CI gave statements indicating the defendant was still selling Ecstacy in the Spring of 2008, and that he was using his "smoke shop" business as a front to aid in the distribution. The detective further testified that based on her experience, drug traffickers frequently keep firearms on hand to protect against attempts to steal drugs or the large amounts of cash generated by drug sales.

The enhancement for weapon possession should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. USSG §2D1.1(b)(1), comment., n. 3. The government bears the initial burden of proving possession by a preponderance of the evidence. It may satisfy this burden by showing that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant. Once the government has satisfied its initial burden, the burden shifts to the defendant to show that it is clearly improbable the weapon was connected with the offense. *See United States v. Pompey*, 264 F.3d 1176, 1180-81 (10th Cir. 2001). Additionally, under the provisions of USSG §1B1.3, the firearm need not be present during the offense of conviction, if it is present during relevant conduct. *See United States v. Lopez*, 249 Fed.Appx. 486, 488, 2007 WL 2874022 (8th Cir. 2007); *United States v. Savage*, 414 F.3d 964, 967 (8th Cir. 2005) (evidence of defendant's continued methamphetamine sales was relevant conduct that supported application of the firearm enhancement).

The evidence presented by the Government shows it is more likely true than not that the defendant engaged in a continuing course of conduct involving Ecstacy sales from June of 2007 up to and including January of 2008, when he was arrested. Such a continuing course of conduct

constitutes relevant conduct for purposes of the guidelines. The court further finds it is more likely true than not that the defendant's possession of a .357 caliber handgun and $789 in cash at the time of his arrest on January 24, 2008, were connected to this same course of continuing conduct. The court therefore finds that the enhancement for possession of a firearm was appropriately applied in this case.

II. *Conclusion*.

The defendant's objection to the Presentence Report is DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.   IT IS SO ORDERED this  10th  Day of November, 2008, at Wichita, Ks.

                                                s/Wesley E. Brown
                                                Wesley E. Brown
                                                U.S. Senior District Judge